# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**CASE NO**:

SHANIQUA TERRY, individually,
and on behalf of all others
similarly situated,

      Plaintiffs,

vs.

HERMES HOSPITALITY GROUP LLC
d/b/a TAP HOUSE GRILL PLAINFIELD,

      Defendant.

_____/

## COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, SHANIQUA TERRY ("Plaintiff"), on behalf of herself and all others similarly situated, files this Collective/Class Action Complaint for Damages and Demand for Jury Trial against Defendant, HERMES HOSPITALITY GROUP LLC d/b/a TAP HOUSE GRILL PLAINFIELD (referred to herein after as "Defendant") for failure to comply with provisions of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Act ("IMWA"), and to recover applicable tips and minimum wages for certain hours worked for herself and all Restaurant Servers (hereinafter "Servers") who worked within the past 3 years for the Tap House Grill restaurant at 24402 Lockport Street, Plainfield, Illinois 60544, pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, and 820 ILCS 105, and in support states as follows:

## INTRODUCTION

1.      This lawsuit arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et.

seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), et. seq. for Defendant's failure to pay Plaintiff and other similarly situated Servers applicable minimum wages within the past 3 years. Defendant operates Tap House Grill in Plainfield, Illinois, where for the past 3 years it has treated its Servers, at times, as customarily tipped employees under the FLSA and IMWL. Defendant pays its tipped employees a reduced hourly wage for each hour worked in an effort to avail itself of the tip-credit provisions of the IMWL and FLSA. These tip credit provisions permit employers of customarily tipped employees to pay wages less than the full minimum wage, so long as employers comply with specific notice requirements, pay the appropriate reduced wage, and do not require the tipped employees to share tips with customarily non-tipped employees. During the past 3 years Defendant has enforced policies of failing to pay Servers proper wages, failing to provide Servers with sufficient notice of the federal and state tip credit, requiring Servers to share portions of their hard-earned tips with ineligible participants, requiring Servers to spend more than 30 continuous minutes performing non-tipped duties and side work, and requiring Servers to spend more than 20% of their workweek performing non-tipped duties and side, all of which have resulted in violations of the FLSA and IMWA. Plaintiff seeks to recover the tip credit taken by Defendant for herself and all members of the putative classes, as well as the tips that were improperly misappropriated, and to otherwise stop Defendant from engaging in this unlawful conduct.

## **PARTIES**

2.     Plaintiff and Class Members are/were Servers who worked for Defendant within the last 3 years at Tap House Grill, located at 24402 Lockport Street, Plainfield, IL 60544

3.     Plaintiff and Class Members were paid less than the applicable federal and Illinois minimum wage by Defendant for certain hours worked in one or more workweeks.

4.    From July 2022 to on or around February 15, 2023, Plaintiff worked as a Server at Tap House Grill in Plainfield, Illinois.

5.    The proposed Class Members worked for Defendant as Servers in the same or identical capacity as Plaintiff within the past 3 years.

6.    Plaintiff and proposed Class Members were subjected to similar violations of IMWA and the FLSA.

7.    Plaintiff seeks certification of the following collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**Tip Notice Collective:**    **All Servers who worked for Defendant at Tap House Grill in Plainfield, Illinois, during the past 3 years, who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.**

**Tip Share Collective:**    **All Servers who worked for Defendant at Tap House Grill in Plainfield, Illinois, during the past 3 years, who were required to share any portions of their tips with their employer, managers, and supervisors.**

**Substantial Side Work Collective:**    **All Servers who worked for Defendant at Tap House Grill in Plainfield, Illinois, who were required to spend more than 30 continuous minutes performing non-tipped duties and side work during any shift since December 28, 2021.**

**80/20 Collective:**    **All Servers who worked for Defendant at Tap House Grill in Plainfield, Illinois, who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable federal minimum wage for this work.**

8.     Plaintiff further seeks class certification under Fed. R. Civ. P. 23 of the following classes of Servers for Defendant's failure to pay mandated minimum wages pursuant to the Illinois Minimum Wage Act ("IMWA"):

**Tip Notice Class:** **All employees who worked for Defendant at Tap House Grill in Plainfield, Illinois, during the past 3 years, who were compensated at a reduced minimum wage and were not provided the appropriate tip credit notice pursuant to Illinois law.**

**Tip Share Class:** **All Servers who worked for Defendant at Tap House Grill in Plainfield, Illinois, during the past 3 years, who were required to share any portions of their tips with their employer, managers, supervisors, dishwashers, cooks, or other back of the house workers.**

**80/20 Class:** **All Servers who worked for Defendant at Tap House Grill in Plainfield, Illinois, during the past 3 years, who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable Illinois minimum wage for this work.**

9.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members in each class exceeds 40 Servers.

10.     At all times material hereto, Plaintiff, and members of the putative class, were non-exempt "employees" of Defendant as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 § U.S.C. 203(d), and the IWPCA, 820 ILCS 115/2.

11.     At all times material hereto, Defendant was the "employer" of Plaintiff and each putative class as that term is defined under IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. § 203(d), and IWPCA, 820 ILCS 115/2.

12.    Defendant's principal address is 24402 Lockport Street Plainfield, IL 60544, within the jurisdiction of this Honorable Court. Defendant may be served through its Registered Agent Michael Kim, at 2712 Whitchurch Ct., Naperville, IL 60564.

## JURISDICTION & VENUE

13.    This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the IMWA, and the ILCS, to recover damages from Defendant and reasonable attorney's fees and costs. The relief sought under Illinois law in this action is intended to include each and every Server who worked for Defendant at any time within the past three (3) years at Tap House Grill in Plainfield, Illinois.

14.    This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

15.    All acts and omissions giving rise to Plaintiff's claim took place within Plainfield, Illinois, which falls within the jurisdiction of this Honorable Court.

16.    This Court has jurisdiction and venue over this Collective/Class Action Complaint, as Defendant's principal address is in Plainfield, Illinois, where the subject restaurant operates.

## FLSA COVERAGE

17.    Defendant is an enterprise covered by the Fair Labor Standards Act ("FLSA"), and IMWA, and ILCS, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Defendant's employees handled goods such as napkins, silverware, appliances, glassware, liquor, beer, beef, potatoes, mahi-mahi, shrimp, lettuce, tomatoes, wine, credit cards, debit cards, avocadoes, pork, sauce, mushrooms, turkey, steaks, pretzels, cheese, pens, chairs, tables, vacuum cleaners, menus, and other materials that had previously travelled through commerce.

19. Defendant had annual gross revenue in excess of $500,000.00 in 2019, 2020, 2021, 2022, and is expected to gross in excess of $500,000.00 in 2023.

## GENERAL FACTUAL ALLEGATIONS

20. Defendant operates Tap House Grill in Plainfield, Illinois.

21. Defendant employed Plaintiff and Class Members as "Servers" at Tap House Grill within the past three (3) years.

22. Plaintiff and Class Members were non-exempt employees of Defendant.

23. Plaintiff and Class Members' job duties consisted of serving patrons and customers.

24. The work performed by Plaintiff and Class Members was an integral part of the business for Defendant.

25. Defendant controlled and/or remained responsible for the work of Plaintiff and the Class Members, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and Illinois law.

26. Defendant had power to hire and fire Plaintiff and Class Members.

27. Defendant and/or managers and supervisors enforce pay policies at the subject restaurant and require Plaintiff and Class Members to comply with these requirements.

28. Defendant controlled Plaintiff and Class Members' work schedules by either issuing the schedules themselves and/or delegating this task to restaurant managers.

29.    Defendant scheduled Plaintiff and Class Members to work certain shifts by either issuing schedules themselves and/or delegating this task to restaurant managers and supervisors.

30.    Defendant required Plaintiff and Class Members to work a certain number of days and hours during the week.

31.    Defendant required Plaintiff and Class Members to work specific days of the week.

32.    Defendant provided necessary training to Servers to work in the restaurant.

33.    Defendant determined the rate and method of payment of Plaintiff and all Servers.

34.    Defendant established and enforced tip share practices and policies in the restaurant.

## DEFENDANT RETAINED A TIP CREDIT TOWARD THE APPLICABLE MINIMUM WAGES UNDER ILLINOIS AND FEDERAL LAW BUT FAILED TO PROVIDE PLAINTIFF AND THE PUTATIVE CLASS MEMBERS THE SUFFICIENT STATE AND FEDERALLY MANDATED NOTICE OF TIP CREDIT

35.    Under § 203(m) of the FLSA, an employer is not eligible to take a tip credit and/or retain a tip credit unless it provides either oral or written notice to the employee of the provisions of § 203(m). *See* 29 C.F.R. § 531.59.

36.    If an employer fails to provide an employee with full adequate notice or information regarding the provisions of § 203(m), but nonetheless retains a tip credit against that employee's (reduced) hourly wage, the employee is entitled to the applicable and full minimum wage for all hours worked up to forty (40) hours. *See id.; Graham v. Famous Dave's of America, Inc.*, No. 19-0486, 2020 WL 5653231 (D. Md. Sept. 23, 2020).

37.    The requisite notice or provision of information to an employee under 29 C.F.R. § 531.59 must include the following details:

> "[t]he amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip

credit claimed by the employer . . . that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of the requirements in this section."

38.     Defendant paid a reduced minimum wage to all of its Servers, including Plaintiff, in addition to non-customarily tipped employees, including but not limited to, dishwashers and cooks, notwithstanding that these employees do not customarily earn tips or otherwise perform tip-producing work.

39.     During the past 3 years Defendant attempted to take a tip credit toward the requisite federal and Illinois Minimum Wages paid to Plaintiff and the Tip-Notice Class Members.

40.     However, Defendant failed to provide Plaintiff and Tip-Notice Class Members with the requisite tip notice under federal and state law prior to taking the tip credit.

## DEFENDANT REQUIRES PLAINTIFF TO SHARE TIPS WITH NON-TIPPED, INELIGIBLE EMPLOYEES

41.     Supervisors, managers, owners, and/or other non-customarily tipped employees are not traditionally tipped restaurant employees under the FLSA and IMWA and are therefore forbidden from participating in tip pools.

42.     During the past 3 years, Defendant violated the FLSA and IMWA by requiring Plaintiff and all other Severs to share or otherwise surrender portions of their tips to customarily non-tipped employees including but not limited to, employers, managers, and supervisors, by permitting the aforementioned agents to participate in a tip pool in which Servers were included.

43.     As a result of Defendant's unlawful and inequitable tip pool policy, customarily non-tipped employees received a portion of Plaintiff and Class Members' tips.

44.     Plaintiff and all other Servers did not voluntarily provide these tips to any of the ineligible participants in the tip pool, including the employers, managers, and supervisors.

45.     Defendant therefore violated the FLSA, ILWA, and/or ILCS, by allowing certain ineligible individuals to receive a portion of the tip share to which Plaintiff and Class Members were required to contribute.

46.     Defendant's violation of the tip regulations under the FLSA and IMWA results in forfeiture of all tip credits taken for Plaintiff and all other Severs, and these individuals are entitled to receive the full federal and/or Illinois Minimum Wage for each hour worked in light of the illegal tip share and sharing practices enforced by Defendant.

47.     Plaintiff and the Tip Share Class Members are also entitled to recover any and all tips they were required to share with ineligible participants.

## DEFENDANT COMPENSATED SERVERS AT A REDUCED MINIMUM WAGE NOTWITHSTANDING THAT IT REQUIRED SERVERS TO PERFORM SUBSTANTIAL AMOUNTS OF SIDE WORK

48.     Directly supporting side work and non-tipped work which take 30 or more continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

49.     Accordingly, covered employers, like Defendant, are forbidden from taking a tip credit when they compel tipped employees to spend 30 or more continuous minutes on non-tipped duties and side work.

50.     Defendant required Plaintiff and all other Servers to spend more than 30 continuous minutes performing side work without paying them the full minimum wage for this work.

51.     Specifically, Defendant required Plaintiff and Class Members to arrive one (1) hour early to opening shifts, before the restaurant was scheduled to open to the public, during which Defendant required Plaintiff and Class Members to perform only side-work and side duties incidentally related to their primary, tip-producing task of serving.

52.     Further, because no customers were present prior to the time that the Tap House Grill was scheduled to open, Plaintiff and all other Servers were completely unable to perform tip-producing work.

53.     Defendant therefore violated the FLSA, ILWA, and/or ILCS, by requiring Plaintiff and all other Servers to spend more than 30 continuous minutes performing non-tipped duties and/or side work and failing to pay Plaintiff and Class Members the full applicable minimum wage for this work.

## DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS TO SPEND MORE THAN 20% OF THE WORKWEEK ON NON-TIPPED DUTIES AND SIDE WORK

54.     Federal law prohibits employers from taking a tip credit when an employee performed non-tip generating duties for more than 20% of their workweek. Rafferty v. Denny's Inc., 13 F.4th 1166, 1188 (11th Cir. 2021). In other words, when Servers spend 20% or more of any respective workweek on non-tip generating duties and side work, they must be paid the full applicable minimum wage, as opposed to the reduced minimum wage for tipped employees. *Id.*

55.     Defendant claimed a tip credit for all of Plaintiff's and all other Servers' work, including during workweeks in which Plaintiff and all other Servers each spent more than 20% of their time on non-tip producing duties and side work.

56.     Specifically, Defendant assigned opening shifts to Plaintiff and other Servers and required them to each arrive one (1) hour prior to the time that Tap House Grill opened to the public, during which Plaintiff and Servers were instructed, by agents of Defendant, specifically managers and/or supervisors, to perform side-work and side duties incidentally relating to serving.

57.     Defendant also required Plaintiff and all other Servers throughout their scheduled shifts to perform a substantial amount of side-work and side duties incidentally related to serving, such as washing dishes.

58.     In 2020, from January 1 through June 30, the Illinois Minimum Wage was $9.25 per hour.

59.     In 2020, from January 1 through June 30, in light of the 40% tip credit, the applicable reduced wage for tipped employees in Illinois was $5.55 per hour.

60.     In 2020, from July 1 through December 31, the Illinois Minimum Wage was $10.00 per hour.

61.     In 2020, from July 1 through December 31, in light of the 40% tip credit, the applicable reduced wage for tipped employees in Illinois was $6.00 per hour.

62.     In 2021, the Illinois Minimum Wage was $11.00 per hour.

63.     In 2021, in light of the 40% tip credit, the applicable reduced wage for tipped employees in Illinois was $6.60 per hour.

64.     In 2022, the Illinois Minimum Wage was $12.00 per hour.

65.     From January 1, 2022, through December 31, 2022, in light of the 40% tip credit, the applicable reduced wage for tipped employees in Illinois was $7.20 per hour.

66.     From January 1, 2023, through the present the Illinois Minimum Wage is $13.00 per hour.

67.     From 1, 2023, through the present, in light of the 40% tip credit, the applicable reduced wage for tipped employees in Illinois is currently $7.80 per hour.

68.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for hours worked in each of the preceding three (3) years.

69.     The records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and Putative Class and Collective Members are in the possession, custody, and control of Defendant.

70.     Defendant violated the FLSA, ILWA, and/or ILCS, by failing to provide proper notice to Plaintiff and Class Members that Defendant would be relying upon a tip credit under federal and/or state law.

71.     Defendant violated the FLSA, ILWA, and/or ILCS, by requiring Plaintiff and Class Members to spend more than 20% of a workweek performing non-tipped duties and/or side work and failing to pay Plaintiff and Class Members the full applicable minimum wage for this work.

72.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

73.     Defendant was aware of the requirements of the FLSA, the ILWA, and the ILCS, and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class members in accordance with the law.

74.     More specifically, Plaintiff verbally complained to Defendant about these practices and Defendant did not cure its violations.

75.     The applicable statute of limitations under the FLSA is therefore 3 years as opposed to 2 years and the applicable statute of limitations under the ILWA and ILCS is 3 years.

## CLASS ALLEGATIONS

76.     Class members are treated equally and similarly by Defendant, in that they were commonly mistreated by Defendant as they were not paid full and proper Illinois minimum wages for all hours worked.

77.     On information and belief, Defendant employed in excess of 40 class members who were not paid Illinois minimum wage for certain hours worked within the past three (3) years.

78.     Defendant failed to compensate Plaintiff and Class Members at least the Illinois minimum wage during training for each hour worked.

79.     Defendant failed to provide Plaintiff and Class Members with sufficient notice of the Illinois tip credit.

80.     Defendant required Plaintiff and Class Members to share their tips with ineligible individuals which constitutes a violation of federal and Illinois law.[1]

81.     Defendant required Plaintiff and Class Members to spend more than 20% of their workweek performing non-tipped duties and side work without receiving the full Illinois minimum wage for this work.

---

[1] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g.,* Williams-Green v. J. Alexander's Restaurants, Inc., 277 F.R.D. 374 (N.D. Ill. 2011) *citing* Morgan v. SpeakEasy, LLC, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); *see, also,* Cho v. Maru Restaursant, Inc., 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") *quoting* Labriola v. Clinton Entm't. Mgmt., LLC, 2016 WL 1106862 at *5 (N.D. Ill. 2016) (collecting cases).

82.     Defendant's violation of the tip sharing regulations results in a forfeiture of the federal and state tip credit for the entire class of Servers which requires Defendant to pay the full Illinois Minimum Wage to each member of the class.

83.     Plaintiff and Class Members worked at the same restaurant in Evanston, Illinois.

84.     Plaintiff and Class Members performed the same job duties as Servers and were paid in an identical manner by Defendant based on Defendant treating the Servers as tipped employees.

85.     Plaintiff and Class Members were not paid proper Illinois minimum wages.

86.     Defendant was aware of the requirements of Illinois law yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

87.     The claims alleged under Illinois law may be pursued by all similarly situated persons pursuant to Fed. R. Civ. P. 23.

88.     The number of individuals in the class is so numerous that joinder of all members is impracticable. The exact number of members of each class can be determined by reviewing Defendant's records. Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 50 Servers.

89.     Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action employment litigation.

90.     Plaintiff has no interests that are contrary to or in conflict with the class.

91.     A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of

litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

92.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of Illinois law.

93.     Even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

94.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.  The questions of law and fact common to the class predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

a)      Whether Defendant employed Servers within meaning of the law;

b)      Whether Defendant uniformly, willfully, and wrongfully failed to pay Servers the Illinois minimum wage for all hours worked;

c)      Whether Defendant failed to provide the proper tip credit notice;

d)      Whether Defendant required Servers to contribute tips to ineligible recipients in the restaurant;

e)      Whether Defendant required Servers to spend more than 20% of their workweek performing non-tipped duties and side work;

f)      What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

g)      Whether Defendant's failure to compensate Plaintiff and the class members at the applicable Illinois minimum wage was willful, intentional, or done with reckless disregard.

95.     The relief sought is common to the entire class including:

a)      Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to Illinois law;

b)      Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to Illinois law;

c)      Payment by Defendant for damages related to unlawful tip sharing practices; and

d)      Payment by Defendant of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

96.     Plaintiff's claims are typical of the claims of members of the class.

97.     Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of Illinois law.

98.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

99.     As a result of Defendant's intentional and willful failure to comply with the FLSA and Illinois law, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – COLLECTIVE ACTION FOR VIOLATION OF THE FLSA
### (Tip Notice Collective)

100.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 99 as though set forth fully herein.

101.    Plaintiff and all other Servers were entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during their employment with Defendant.

102.    Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers with requisite notice of the tip credit required under federal law.

103.    Plaintiff and the putative collective of Servers are therefore entitled to receive full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

104.    Defendant knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wage, contrary to the FLSA.

105.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

106.    Defendant's willful and/or intentional violations of law entitled Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, SHANIQUA TERRY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HERMES HOSPITALITY GROUP LLC D/B/A TAP HOUSE GRILL PLAINFIELD, and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances

## COUNT II – COLLECTIVE ACTION FOR VIOLATION OF THE FLSA
### (Tip Share Collective)

107.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 99 as though set forth fully herein.

108.     Defendant required Plaintiff in one or more workweeks of her employment to share or otherwise surrender portions of tips she earned with ineligible individuals who are not customarily tipped employees including but not limited to, employers, managers, and supervisors.

109.     Defendant enforced this requirement or was otherwise aware of this practice and allowed it to continue to occur, notwithstanding that this practice runs contrary to the FLSA's requirements concerning the tip credit.

110.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff has been damaged in the loss of tips and wages in one or more weeks of work during her employment with Defendant.

111.     By requiring Plaintiff to share portions of her tips with ineligible individuals the Defendant forfeits any tip credit taken to offset wages owed to its Servers in the restaurant during the past 3 years.

112.     Defendant's willful and/or intentional violation of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

113.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SHANIQUA TERRY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HERMES HOSPITALITY GROUP LLC D/B/A TAP HOUSE GRILL PLAINFIELD, and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all misappropriated tips Plaintiff was required to share with ineligible recipients to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT III – COLLECTIVE ACTION FOR VIOLATION OF THE FLSA
### (Substantial Side Work Collective)

114.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 99 as though set forth fully herein.

115.    Defendant claimed a tip credit under federal law for each hour of work for Plaintiff and all other Servers during the relevant time period.

116.    Plaintiff and all other similarly situated Servers are/were entitled to be paid full federal minimum wage for all hours worked during their employment with Defendant.

117.    Plaintiff seeks recovery of federal minimum wages under 29 U.S.C. 216(b) for herself and all other similarly situated Servers who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any workweek after December 28, 2021.

118.    Defendant violated the FLSA because it required Servers to spend thirty (30) or more continuous minutes performing non-tipped duties and side work without compensating Plaintiff and similarly situated Servers the full federal minimum wage for this work.

119.    Because Plaintiff and all other similarly situated Servers were forced to spend thirty (30) or more continuous minutes on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law for this work.

120.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective of Servers have been damaged in the loss of federal minimum wages for one or more weeks of work.

121.    Defendant's willful and/or intentional violations of law entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, SHANIQUA TERRY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HERMES HOSPITALITY GROUP LLC D/B/A TAP HOUSE GRILL PLAINFIELD, and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT IV – COLLECTIVE ACTION FOR VIOLATION OF THE FLSA
### (80/20 Collective)

122.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 99 as though set forth fully herein.

123.     Defendant requires Plaintiff and similarly situated Servers to arrive at work no later an hour prior to their scheduled start time in order to begin performing non-tipped duties and side work in preparation for their shifts.

124.     Defendant requires Plaintiff and similarly situated Servers to perform approximately side work throughout their shifts.

125.     On average, Plaintiff and the collective of Servers would spend at least 2 hours out of a 6-hour shift performing non-tipped duties and side work.

126.     Accordingly, Plaintiff and the collective of Servers regularly spend more than 20% of their workweek performing non-tipped duties and side work.

127.     Defendant violated the FLSA because it required Servers to spend more than 20% of their workweek performing non-tipped duties and side work without compensating Plaintiff and similarly situated Servers the full federal minimum wage for this work.

128.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective of Servers have been damaged in the loss of federal minimum wages for one or more weeks of work.

129.     Defendant's willful and/or intentional violations of law entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, SHANIQUA TERRY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HERMES HOSPITALITY GROUP LLC D/B/A TAP HOUSE GRILL PLAINFIELD, and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT VI – RULE 23 CLASS ACTION FOR ILLINOIS MINIMUM WAGE VIOLATIONS
### (Tip Notice Class)

130.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 99 as though set forth fully herein.

131.     Defendant violated the IMWA provision on minimum wages by failing to pay at least the applicable Illinois minimum wage during Plaintiff's and Class Members' periods of employment.

132.     Defendant violated Illinois law on minimum wages by attempting to take a tip credit toward the applicable Illinois minimum wage but failing to provide Plaintiff and Tip Notice Class members the statutorily require tip notice within the past 3 years.

133.     Defendant enforced this policy against all Servers in the restaurant within the past 3 years.

134.    Plaintiff and the class members are entitled to receive at least Illinois' minimum wage for certain hours worked during their employment.

135.    From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour. The applicable tip credit under Illinois law during this time period was $3.70 per hour. The required reduced wage for tipped employees under Illinois law during this time period was $5.55 per hour.

136.    From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour. The applicable tip credit under Illinois law during this time period was $4.00. The required reduced wage for tipped employees under Illinois law during this time period was $6.00 per hour.

137.    In 2021, the Illinois Minimum Wage was $11.00 per hour. The applicable tip credit under Illinois law during this time period was $4.40 per hour. The required reduced wage for tipped employees under Illinois law during this time period was $6.60 per hour.

138.    In 2022, the Illinois Minimum Wage was $12.00 per hour. The applicable tip credit under Illinois law during this time period was $4.80 per hour. The required reduced wage for tipped employees under Illinois law during this time period was $7.20 per hour.

139.    In 2023, the Illinois Minimum Wage is $13.00 per hour. The applicable tip credit under Illinois during this time period is $5.20 per hour. The required reduced wage for tipped employees under Illinois law during this time period is $7.80 per hour.

140.    Defendant failed to provide Plaintiff and Tip Notice Class members with sufficient notice of the Illinois tip credit before taking an Illinois tip credit toward the wages owed to Plaintiff and Tip Notice Class members.

141. Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the IMWA because they were not provided sufficient notice of the Illinois tip credit. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

**All Servers who worked for Defendant at Tap House Grill in Plainfield, Illinois, during the past three (3) years, who were not provided the appropriate tip credit notice under Illinois law.**

RULE 23 CLASS ALLEGATIONS

142. Plaintiff brings this IMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

143. The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage based upon the Defendant's failure to provide sufficient notice of the Illinois tip credit before taking the tip credit to offset wages owed to Plaintiff and the Tip Notice Class members.

144. *Numerosity:* Defendant employed in excess of 40 Servers in the class during the past three (3) years who were required to perform work during training without receiving applicable Illinois minimum wages. Given Defendant's considerable size and the systematic nature of its failure to comply with Illinois law, the members of the Class are so numerous that joinder of all members is impractical.

145. Plaintiff and the class members were subject to the same policies.

146. *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following:

(a) Whether Plaintiff and the Tip Notice Class were "employees" of Defendant;

(b)     Whether Plaintiff and the Tip Notice Class' hours were properly recorded;

(c)     Whether Defendant violated the IMWA rights of Plaintiff and the Tip Notice Class under the IMWA by failing to provide the Servers with sufficient notice of the Illinois tip credit;

(d)     Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Illinois minimum wages as required under state law;

(e)     Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f)     The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Notice Class based upon Defendant's conduct.

147.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from the Defendant's company-wide policy of failing to provide Servers with sufficient notice of the Illinois tip credit.

148.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class. Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

149.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

150.    Defendant has acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole.  Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

151.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

152.    Plaintiff and the Tip Notice Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's requirement that Servers be paid a reduced wage without actually providing Plaintiff and the Tip Notice Class with sufficient notice of the Illinois tip credit.

153.    Plaintiff and the Tip Notice Class members were not paid proper Illinois minimum wage for the hours worked during their employment.

154.    Defendant was aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

155.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Notice Class members exceeds 40 Servers.

156.     This action is intended to include each and every Server who worked at Tap House Grill in Plainfield, Illinois, during the past three (3) years as each of these Servers was required to perform work during training without receiving at least the Illinois minimum wage.

157.     During all material times hereto, Plaintiff and all Training Class members were non-exempt employees of Defendant.

158.     Plaintiff and the Tip Notice Class members performed work as Servers which was an integral part of the business for Defendant.

159.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

160.     Plaintiffs have complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

161.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

162.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWA.

163.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the

litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

164.    The relief sought is common to the entire class including, inter alia:

(a)    Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the IMWA;

(b)    Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the IMWA as a result of Defendants' intentional and/or willful violations;

(c)    Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

165.    Plaintiff and the Tip Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the IMWA.

166.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SHANIQUA TERRY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HERMES HOSPITALITY GROUP LLC d/b/a TAP HOUSE GRILL PLAINFIELD, and award Plaintiff, and the putative class: (a) unliquidated Illinois minimum wage damages to be paid by Defendant to the class; (b) liquidated damages to be paid by Defendant to the class; (c) all reasonable attorney's fees and costs as permitted under Illinois law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT VII – RULE 23 CLASS ACTION FOR ILLINOIS MINIMUM WAGE VIOLATIONS
### (Tip Share Class)

167. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 99 as though set forth fully herein.

168. Defendant violated the IMWA provision on minimum wages by attempting to take a tip credit against applicable state minimum wages while requiring Plaintiff to share portions of her tips with ineligible participants.

169. Defendant enforced this unlawful policy against all Servers in the restaurant within the past 3 years.

170. Defendant therefore forfeits any tip credit under Illinois law and owes each Server *at least* the tip credit taken for each hour of work they performed within the past 3 years in time periods in which Defendant failed to comply with the reduced wage requirements.

171. Plaintiff and the class members are entitled to receive at least Illinois' minimum wage for certain hours worked.

172. In 2019, the Illinois Minimum Wage was $8.25 per hour. The applicable tip credit under Illinois law during this time period was $3.30 per hour.

173. From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour. The applicable tip credit under Illinois law during this time period was $3.70 per hour.

174. From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour. The applicable tip credit under Illinois law during this time period was $4.00.

175. In 2021, the Illinois Minimum Wage was $11.00 per hour. The applicable tip credit under Illinois law during this time period was $4.40 per hour.

176.     In 2022, the Illinois Minimum Wage was $12.00 per hour. The applicable tip credit under Illinois law during this time period was $4.80 per hour.

177.     In 2023, the Illinois Minimum Wage is $13.00 per hour. The applicable tip credit under Illinois law during this time period is $5.20 per hour.

178.     Plaintiff and the proposed Tip Share Class members were subjected to similar violations of the IMWA.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Servers who worked for Defendant at Tap House Grill at Plainfield, Illinois, during the past three (3) years, who were required to share tips with employers, managers, supervisors, dishwashers and/or cooks.**

RULE 23 CLASS ALLEGATIONS

179.     Plaintiff brings this IMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Share Class").

180.     The putative Tip Share Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage based upon the Defendant's requirement that Servers share portions of their tips with employers, managers, supervisors, and/or back of the house workers including dishwashers and cooks.

181.     *Numerosity:* Defendant employed in excess of 40 Servers in the class during the past three (3) years who were required to share portions of their tips with dishwashers and cooks. Given Defendant's considerable size and the systematic nature of its failure to comply with Illinois law, the members of the Class are so numerous that joinder of all members is impractical.

182.     Plaintiff and the class members were subject to the same policies.

183.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class,

including Plaintiff. Such questions common to the Class include, but are not limited to the following:

(g)     Whether Plaintiff and the Tip Share Class were "employees" of Defendant;

(h)     Whether Plaintiff and the Tip Share Class' hours were properly recorded;

(i)     Whether Defendant violated the IMWA rights of Plaintiff and the Tip Share Class under the IMWA by requiring the Servers to share portions of their tips with employers, managers, supervisors, dishwashers and/or cooks and then failing to compensate the Servers the applicable wage;

(j)     Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Share Class the Illinois minimum wages as required under state law;

(k)     Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(l)     The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Share Class based upon Defendant's conduct.

184.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Share Class. Plaintiff's claims arise from the Defendant's company-wide policy of forcing Servers to share portions of their tips with ineligible participants.

185.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Share Class. Plaintiff has no interest that might conflict with the interests of the Tip Share Class. Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

186.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

187.    Defendant has acted on grounds generally applicable to the Tip Share Class, thereby making relief appropriate with respect to the Tip Share Class as a whole.  Prosecution of separate actions by individual members of the Tip Share Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Share Class that would establish incompatible standards of conduct for Defendant.

188.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Share Class.

189.    Plaintiff and the Tip Share Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's requirement that Servers share portions of their tips with employers, managers, supervisors, dishwashers and/or cooks and other back of the house workers.

190.    Plaintiff and the Tip Share Class members were not paid proper Illinois minimum wage for the hours worked.

191. Defendant was aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Share Class members in accordance with the law.

192. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Share Class members exceeds 40 Servers.

193. This action is intended to include each and every Server who worked at Defendant's restaurant in Orland Park, Illinois, during the past three (3) years as each of these Servers was required to share portions of their tips with ineligible participants.

194. During all material times hereto, Plaintiff and all Tip Share Class members were non-exempt employees of Defendant.

195. Plaintiff and the Tip Share Class members performed work as Servers which was an integral part of the business for Defendant.

196. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

197. Plaintiffs have complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

198. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

199.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWA.

200.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

201.     The relief sought is common to the entire class including, inter alia:

(d)     Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the IMWA;

(e)     Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the IMWA as a result of Defendants' intentional and/or willful violations;

(f)     Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

202.     Plaintiff and the Tip Share Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the IMWA.

203.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SHANIQUA TERRY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HERMES HOSPITALITY GROUP LLC

d/b/a TAP HOUSE GRILL PLAINFIELD, and award Plaintiff, and the putative class: (a) unliquidated Illinois minimum wage damages to be paid by Defendant to the class; (b) liquidated damages to be paid by Defendant to the class; (c) all reasonable attorney's fees and costs as permitted under Illinois law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT VIII – RULE 23 CLASS ACTION FOR ILLINOIS MINIMUM WAGE VIOLATIONS
### (80/20 Class)

204.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 99 as though set forth fully herein.

205.    Defendant violated the IMWA provision on minimum wages by attempting to take a tip credit against applicable state minimum wages while requiring Plaintiff and the 80/20 Class members to spend more than 20% of their workweek performing non-tipped duties and side work for which they were not compensated the full Illinois minimum wage.

206.    Defendant enforced this unlawful policy against all Servers in the restaurant within the past 3 years.

207.    Defendant therefore forfeits any tip credit under Illinois law and owes each Server *at least* the tip credit taken for each hour of work they performed within the past 3 years in time periods in which Defendant failed to compensate full Illinois minimum wages for this work.

208.    Plaintiff and the class members are entitled to receive at least Illinois' minimum wage for certain hours worked.

209.    From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour. The applicable tip credit under Illinois law during this time period was $3.70 per hour.

210.     From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour. The applicable tip credit under Illinois law during this time period was $4.00.

211.     In 2021, the Illinois Minimum Wage was $11.00 per hour. The applicable tip credit under Illinois law during this time period was $4.40 per hour.

212.     In 2022, the Illinois Minimum Wage was $12.00 per hour. The applicable tip credit under Illinois law during this time period was $4.80 per hour.

213.     In 2023, the Illinois Minimum Wage is $13.00 per hour. The applicable tip credit under Illinois law during this time period is $5.20 per hour.

214.     Plaintiff and the proposed 80/20 Class members were subjected to similar violations of the IMWA.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Servers who worked for Defendant at Tap House Grill in Plainfield, Illinois, during the past three (3) years, who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable Illinois minimum wage for this work.**

RULE 23 CLASS ALLEGATIONS

215.     Plaintiff brings this IMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "80/20 Class").

216.     The putative 80/20 Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage based upon the Defendant's requirement that Servers spend more than 20% of their workweek performing non-tipped duties and side work.

217.     *Numerosity:* Defendant employed in excess of 40 Servers in the class during the past three (3) years who were required to spend more than 20% of their workweek performing non-tipped duties and side work. Given Defendant's considerable size and the systematic nature

of its failure to comply with Illinois law, the members of the Class are so numerous that joinder of all members is impractical.

218.     Plaintiff and the class members were subject to the same policies.

219.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following:

(m)     Whether Plaintiff and the 80/20 Class were "employees" of Defendant;

(n)     Whether Plaintiff and the 80/20 Class' hours were properly recorded;

(o)     Whether Defendant violated the IMWA rights of Plaintiff and the 80/20 Class under the IMWA by requiring the Servers to spend more than 20% of their workweek performing non-tipped duties and side work and then failing to compensate the Servers the applicable wage for this work;

(p)     Whether Defendant willfully or intentionally refused to pay Plaintiff and the 80/20 Class the Illinois minimum wages as required under state law;

(q)     Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(r)     The nature, extent, and measure of damages suffered by the Plaintiff and the 80/20 Class based upon Defendant's conduct.

220.     *Typicality:* Plaintiff's claims are typical of the claims of the members of the 80/20 Class.  Plaintiff's claims arise from the Defendant's company-wide policy of forcing Servers to spend more than 20% of their workweek performing non-tipped duties and side work.

221.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class. Plaintiff has no interest that might conflict with the interests of the 80/20 Class. Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

222.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

223.    Defendant has acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole.  Prosecution of separate actions by individual members of the 80/20 Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendant.

224.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the 80/20 Class.

225.    Plaintiff and the 80/20 Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's requirement that Servers spend more than 20% of their workweek performing non-tipped duties and side work without being compensated the full Illinois minimum wage for this work.

226.     Plaintiff and the 80/20 Class members were not paid proper Illinois minimum wage for the hours worked.

227.     Defendant was aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

228.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative 80/20 Class members exceeds 40 Servers.

229.     This action is intended to include each and every Server who worked at Defendant's restaurant in Evanston, Illinois, during the past three (3) years as each of these Servers was required to spend more than 20% of their workweek performing non-tipped duties and side work.

230.     During all material times hereto, Plaintiff and all 80/20 Class members were non-exempt employees of Defendant.

231.     Plaintiff and the 80/20 Class members performed work as Servers which was an integral part of the business for Defendant.

232.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

233.     Plaintiffs have complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

234.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class

may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

235.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWA.

236.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

237.     The relief sought is common to the entire class including, inter alia:

(g)     Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the IMWA;

(h)     Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the IMWA as a result of Defendants' intentional and/or willful violations;

(i)     Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

238.     Plaintiff and the 80/20 Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the IMWA.

239.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SHANIQUA TERRY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, HERMES HOSPITALITY GROUP LLC D/B/A TAP HOUSE GRILL PLAINFIELD, and award Plaintiff, and the putative class: (a) unliquidated Illinois minimum wage damages to be paid by Defendant to the class; (b) liquidated damages to be paid by Defendant to the class; (c) all reasonable attorney's fees and costs as permitted under Illinois law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff and Class Members hereby demand trial by jury on all counts above.

 **Dated this 1st of March 2023**.

Respectfully submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Catherine@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 1, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

## SERVICE LIST: