IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANIQUA TERRY, individually, and on behalf of all others similarly situated | Case Number: 1:23-cv-01276 |
| | Magistrate Judge: Hon. Young Kim |
| Plaintiff(s), | |
| v. | |
| HERMES HOSPITALITY GROUP LLC d/b/a TAP HOUSE GRILL PLAINFIELD, | |
| Defendant. | |

**JOINT MOTION FOR *IN CAMERA* REVIEW AND COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE**

Representative Plaintiff, SHANIQUA TERRY ("Representative Plaintiff" or "Plaintiff"), and the Opt-in Plaintiffs (hereinafter "Plaintiffs"), and Defendant, HERMES HOSPITALITY GROUP LLC d/b/a TAP HOUSE GRILL PLAINFIELD ("Defendant") (Plaintiff, Opt-in Plaintiffs, and Defendant collectively referred to herein as "the Parties") by and through undersigned counsel, hereby file this Joint Motion for *In Camera* Review and Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice, as follows:

### I. FACTUAL BACKGROUND

Plaintiffs alleged that Defendant owned and operated Tap House Grill Plainfield during time periods within the past 3 years. *See* ECF No. 1. Representative Plaintiff alleges that she is a former Server who was employed by Defendant from

July 2022 through February 2023. *Id*. On March 1, 2023, Representative Plaintiff filed her Collective/Class Action Complaint for Damages and Demand for Jury Trial against Defendant. *See* ECF No. 1 (hereinafter "the Lawsuit").

The Lawsuit alleges that Defendant violated several provisions of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") because Defendant allegedly: (a) did not provide proper notice to Servers that it would be taking a tip credit toward the required federal minimum wage; (ii) required Servers to share portions of their tips with employers, managers, and/or supervisors; (iii) required Servers to spend more than thirty (30) continuous minutes performing non-tipped duties and side work during any shift since December 28, 2021; and/or (iv) required Servers to work more than 40 hours in one or more workweeks within the past 3 years without paying them proper overtime rates. Defendant expressly denies all allegations.

On October 17, 2023, the Court conditionally certified a collective of all Servers who worked for Defendant in Plainfield, Illinois during the three (3) years preceding this lawsuit. *See* ECF No. 24. During the opt-in period, a total of eleven (11) individuals (including Representative Plaintiff) filed consents to sue under the FLSA and Joined the case. *See* ECF No. 28–30, 33–37, 40, 42, 44–45.

On April 4, 2024, Defendant filed its Suggestion of Bankruptcy. *See* ECF No. 54. The Court entered its Order Staying the Case on May 6, 2024. *See* ECF No. 56. On June 20, 2024, Defendant filed a notice advising the Court and Plaintiffs that its bankruptcy matter had concluded. *See* ECF No. 57.

Now that the bankruptcy stay in this case has lifted, the Parties have engaged in arms-length negotiations and reached a settlement of these claims. Given the bona fide factual and legal disputes that exist, the Parties have now commemorated their resolution into a written settlement agreement ("the Agreement") through counsel and have reached an accord on all material terms. The agreement affords collective-wide relief for all individuals who joined this action and was negotiated over a period of several months with Counsel for the Collectives keeping their clients timely informed of the negotiations. The negotiations were focused both on the representations of the Settlement Collective (comprised of a total of 12 individuals including the Representative Plaintiff) and the data from employment records.

Under the Agreement, Plaintiffs will receive a substantial portion of the contested wages and liquidated damages currently claimed to be owed. Each Plaintiff has approved the portion of the Settlement they will receive. A copy of the fully executed settlement agreement is being contemporaneously provided to the Court. A composite of the Notices of Acceptance signed by each opt-in Plaintiff are attached to the Settlement Agreement. The settlement reached in this case provides Plaintiffs with fair and reasonable compensation for their FLSA claims. Counsel for the Plaintiffs is also being compensated reasonable attorney's fees separate and apart from amounts paid to Plaintiffs. Plaintiff's counsel, Jordan Richards, Esq. has provided a declaration to the Court concerning the number of hours and reasonable hourly rates billed in this case. Given the contentious nature of this dispute, a significant amount of time was incurred by Plaintiffs' counsel in litigating this case.

A full accounting of the reasonable hourly rates and hours billed in this case has been provided to the Court for review. Notably, Plaintiffs' counsel is receiving a reduced amount of attorney's fees and costs than what was actually incurred in the successful litigation of these claims. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

## II. SUMMARY OF THE SETTLEMENT TERMS

The Parties have submitted the fully executed Settlement Agreement and Release (the "Agreement"). Plaintiff's counsel has also submitted a declaration outlining their experience along with the full lodestars for all timekeepers in this case for review. Plaintiffs are former Servers who worked for Defendants between March 1, 2020, and the filing of the motion for conditional certification. In exchange for a full and final release of only wage-related claims (conditioned on Court approval of the Agreement), Defendants have agreed to fully resolve these claims.

The amount each Plaintiff will receive is indicated in a spreadsheet attached to the Agreement. Each and every Plaintiff has agreed to accept their respective settlement amounts in exchange for releasing only wage-related claims against Defendants.

The Parties separately negotiated fair and reasonable attorney's fees based on the amount of time expended and the complexity of the litigation. While sizeable, the fees and costs do not impact the claims and were negotiated without regard to the amounts paid to Plaintiffs. In addition, Plaintiff's counsel voluntarily reduced their

4

attorneys' fees to assist with reaching a fair and amicable resolution. The Parties agree that the attorney's fees and costs are a fair and reasonable amount and were necessary for the prosecution of this action particularly in light of the extensive litigation that occurred on these highly fact-specific claims. Defendants do not oppose Counsel for the Plaintiffs' recovery of fees or expenses and do not object to the reasonableness of Counsel for the Plaintiffs' fees and costs or that they were necessary for the successful prosecution of this action. Counsel for the Plaintiffs has voluntarily reduced the total amount of fees and costs incurred.

### III. MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982); *see, also, Rambo v. Global Diversified, Inc.,* 2021 WL 262556 (C.D. Ill. Jan. 26, 2021) *citing Lynn's Food Stores, Inc.,* 679 F.2d at 1355. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits

brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-55; *see also Pharr v. Highway Specialties, Inc.*, 2019 WL 131162853, at *1 (N.D. Fla. May 13, 2019); *see also Perez v. PJ'S Land Clearing & Excavating, Inc.*, 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage, exemption or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

When scrutinizing the fairness of a settlement for a collective under the FLSA, final certification or decertification is not necessary in order to approve the settlement. *See, e.g., Huff v. Bobcat North America, LLC*, 2021 WL 268356 at *2 (M.D. Fla. 2021) *citing Ortiz v. Metters Indus., Inc.*, M.D. Fla. Case No. 6:17-cv-1879-PGB-DCI; *see, also, Campbell v. Pincher's Beach Bar Grill, Inc.*, 2017 WL 2700629 at *1-2 (M.D. Fla. 2017) (final certification of FLSA collective not necessary when approving settlement).

Here, the Parties respectfully submit that the resolution of federal minimum wage claims is fair and reasonable. Without admitting any liability as to the alleged

wage violations, Defendant has agreed to pay Plaintiffs an amount disclosed in the Settlement Agreement and Release. Pursuant to the Agreement, each Plaintiff is receiving approximately $2.74 per hour in unpaid wages and liquidated damages for every single hour that they worked within the three (3) year statute of limitations period. Defendant has agreed to pay this sum in order to avoid the uncertainties inherent in litigation, and negotiated a settlement through counsel that is satisfactory to all Parties. *See Davidson v. Golden Bay Towers, Inc.*, 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability). These hotly contested issues would have been heavily litigated through discovery and at summary judgment and during pre-trial briefings and a crushing amount of legal fees and expenses would have been incurred by all Parties.

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Plaintiffs are being paid a substantial portion of the wages and liquidated damages they allege they are owed. In addition, the attorney's fees and costs payable to Plaintiffs' counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. *See Dominguez v. Quigley's Irish Pub, Inc.,* 897 F.Supp.2d 674, 686 (N.D. Ill. 2012). Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter in light of the various contested issues.

IV. **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA wages, and request that this Honorable Court approve the Settlement Agreement, enter an Order dismissing all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement.

**Dated this 2nd day of August 2024.**

Respectfully Submitted,

| | |
|---|---|
| **CHITTENDEN, MURDAY & NOVOTNY LLC**<br>303 West Madison Street, Suite 2400<br>Chicago, Illinois 60606<br>Ph: (312) 281-3600<br>*Counsel for Defendants Michael Kim And Santino Patragas*<br><br>By: */s/Vittorio F. Terrizzi*<br>SEAN P. MACCARTHY, ESQUIRE<br>Illinois Bar No. 6198472<br>smaccarthy@cmn-law.com<br>VITTORIO F. TERRIZZI, ESQUIRE<br>Illinois Bar No. 6256762<br>vterrizzi@cmn-law.com | **USA EMPLOYMENT LAWYERS JORDAN RICHARDS, PLLC**<br>1800 SE 10th Ave. Suite 205<br>Fort Lauderdale, Florida 33316<br>(954) 871-0050<br>*Counsel for Plaintiffs*<br><br>By: */s/ Jordan Richards*<br>JORDAN RICHARDS, ESQUIRE<br>Illinois Bar No. 6328923<br>jordan@jordanrichardspllc.com<br>PATRICK SOLBERG, ESQUIRE<br>Illinois Bar No. 6243928<br>patrick@usaemploymentlawyers.com |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 2nd day day of August 2024.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

**SERVICE LIST:**

Sean P. MacCarthy, Esq.
Vittorio F. Terrizzi, Esq.
**CHITTENDEN, MURDAY & NOVOTNY LLC**
303 West Madison Street, Suite 2400
Chicago, Illinois 60606
Ph: (312) 281-3600
Fax: (312) 281-3678
smaccarthy@cmn-law.com
vterrizzi@cmn-law.com